

**SO ORDERED.**

**SIGNED this 21 day of April, 2011.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
**Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

In re:

BETTIE JEAN HOPKINS,                                              No. 10-13385
                                                                                    Chapter 7
        Debtor.

## MEMORANDUM AND ORDER

Pending before the court is the debtor's "Motion to Amend Order and Make Additional Findings of Fact" pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, which makes Rule 59 of the Federal Rules of Civil Procedure applicable in cases under the Bankruptcy Code. The debtor seeks to have the court alter or amend its order of January 25, 2011, reopening the case after it was closed by the bankruptcy court clerk's office. The clerk's office inadvertently closed the case before the trustee's final report had been filed. The trustee, Jerrold D. Farinash, appeared in opposition to the debtor's motion and stated that he had not filed his report because he believed that there were assets to pursue for the benefit of unsecured creditors.

The court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). This "Memorandum and Order" constitutes the court's finding of facts and

conclusions of law pursuant to Fed. R. Bankr. P. 9014(c), making Fed. R. Bankr. P. 7052 applicable to contested matters.

The court finds that the Bankruptcy Code mandates closure after full administration *and* discharge of the trustee appointed in the case. *See, e.g., In re NSCO*, Inc., 427 B.R. 165, 181 (Bankr. Mass. 2010). In this case, there has been no complete administration or discharge because the trustee has not completed the administration of the estate and filed a final report. The court does not find *In re Guterl Special Steel Corp.*, 316 B.R. 843, 861-62 (Bankr.W. D. Pa. 2004), cited by the debtor, to be persuasive*. In re Guterl Special Steel* was a case wherein the trustee, who had been holding a toxic waste site for several years, sought to close the case before all of the checks to creditors had been mailed. The administration that remained to be completed in that case was just that - administrative, not the substantive recovery of assets for the estate. The debtor in this case seeks to take advantage of a procedural misstep in the clerk's office to side-step the requirements of the Bankruptcy Code. Accordingly, and for the reasons set forth herein,

It is ORDERED that the debtor's "Motion to Amend Order and Make Additional Findings of Fact" is denied.

# # #